UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOHPIA M. BIERMAN,

        Plaintiff,

v.                                                        Case No. 17-cv-835-pp

NANCY BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

On June 15, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

The plaintiff filed an affidavit indicating that she is married and that her spouse is employed. Dkt. No. 2 at 1. She supports her seventeen-year-old, autistic daughter, providing $253.00 per month in support. Id. She reports no monthly wages or salary, but lists her spouse's income at $3,000.00 per month and her total monthly expenses at $3,660.00. Id. at 2. She has a 2010

1

Mercedes SUV which she values at $9,000. Id. at 3. While she owns her home, worth $189,000, she has only $10,000 in equity in the property. Id. She has $250 in a savings account. Id. The court concludes from this information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff asserts the Administrative Law Judge's ("ALJ") findings are not supported by substantial evidence because the ALJ did not understand the plaintiff's medical condition. Dkt. No. 1 at 3. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 24th day of July, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**